UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEX SHAUFERT, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 3:09-00510 |
| ) | Judge Sharp |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S, LONDON, GAB ROBINS ) | |
| NORTH AMERICA, INC. and BRAUN ) | |
| CONSTRUCTION SERVICES, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## ORDER ON MOTIONS *IN LIMINE*

Pursuant to the discussions at the final pre-trial conference held on June 27, 2011, the Court confirms the following rulings in relation to the parties' Motions *in Limine*:

**A. Plaintiff's Motions**

(1) A ruling on Plaintiff's Motion *in Limine* to Exclude Expert Opinion Testimony of Matthew W. Hodge (Docket No. 130) is hereby DEFERRED. At trial, the Court will rule on whether Mr. Hodge qualifies as an expert witness after conducting a *voir dire* hearing outside the presence of the jury.

(2) Plaintiff's Motion *in Limine* to Exclude Any Testimony of Insults Allegedly Made to Mattie Jones by Cathy Watry (Docket No. 131) is hereby GRANTED insofar as Cathy Watry allegedly used the "n" word and/or the "b" word in relation to Mattie Jones. Counsel is prohibited from attempting to talk around this ruling by, for example, asking a witness whether Cathy Watry directed a racial slur at Mattie Jones.

(3) Plaintiff's Motion *in Limine* to Exclude Undisclosed Expert Opinion Testimony of

1

Mattie Jones (Docket No. 132) is hereby GRANTED to the extent that the witness attempts to testify as an expert. However, Mattie Jones will be allowed to testify as a fact witness.

(4) Plaintiff's Motion *in Limine* to Exclude Undisclosed Expert Opinion Testimony of Mark Brennan Easterwood (Docket No. 133) is hereby GRANTED to the extent that the witness attempts to testify as an expert. However, Mark Easterwood will be allowed to testify as a fact witness.

(5) Plaintiff's Motion *in Limine* to Exclude Undisclosed Expert Opinion Testimony of Corporate Representative of Defendants (Docket No. 134) is hereby GRANTED to the extent that the witness attempts to testify as an expert. However, Defendant's corporate representative will be allowed to testify as a fact witness.

(6) Plaintiff's Motion *in Limine* to Exclude Any Expert Opinion of Insurance Policy Interpretation and Construction (Docket No. 135) is hereby GRANTED to the extent that a witness attempts to testify as an expert in relation to those matters. However, Defendant's claim handler will be allowed to testify as a fact witness.

(7) Plaintiff's Motion *in Limine* to Exclude Undisclosed Expert Opinion Testimony of Brad Espey (Docket No. 136) is hereby GRANTED to the extent that the witness attempts to testify as an expert. However, Brad Espey will be allowed to testify as a fact witness.

(8) Plaintiff's Motion *in Limine* to Exclude Undisclosed Expert Opinion Testimony of Tom Berardo (Docket No. 137) is hereby GRANTED to the extent that the witness attempts to testify as an expert. However, Tom Berardo will be allowed to testify as a fact witness.

(9) Plaintiff' Motion *in Limine* to Exclude Evidence and Argument that Plaintiff Breached any Policy Terms (Docket No. 138) is hereby DENIED.

(10) A ruling on Plaintiff's Motion *in Limine* to Exclude Evidence and Argument that so-

called "Third Party Administrators" are Independent Contractors (Docket No. 178) is hereby DEFERRED. Defendant shall file a response to this Motion by July 1, 2011.

(11) A ruling on Plaintiff's Motion *in Limine* for Order that Certain Admissions and Statements Against Interest of Agent Brad Espey are Deemed Admissions (Docket No. 179) is hereby DEFERRED. Defendant shall file a response to this Motion by July 1, 2011.

(12) A ruling on Plaintiff's Motion *in Limine* to Exclude Evidence and Argument Regarding the Criminal Record of Kenneth Amick (Docket No. 210) is hereby DEFERRED. Defendant shall file a response to this Motion by July 1, 2011.

**B. Defendant's Motions**

(1) Defendant's Motion *in Limine* to Exclude Testimony and Evidence Suggesting Underwriters or Related Entities Acted in Bad Faith Docket No. 152) is hereby GRANTED.

(2) Defendant's Motion *in Limine* to Exclude Expert-Type Opinions from Laypersons and/or from Experts who have not been Disclosed (Docket No. 153) is hereby GRANTED.

(3) Defendant's Motion *in Limine* to Exclude Expert Reports of Matthew Hodge (Docket No. 154) is hereby GRANTED in that Hodge's reports will not be admissible at trial. This ruling does not preclude the parties from asking questions from, or utilizing his reports for, a proper purpose.

(4) Defendant's Motion *in Limine* to Exclude the testimony of Brad Espey Relating to the Intent and State of Mind of Tom Berardo and Hearsay Testimony Given by Brad Espey (Docket No. 155 is hereby GRANTED to the extent that the parties may not ask Brad Espey about Tom Berardo's state of mind, or what he was thinking.

(5) A ruling on Defendant's Motion *in Limine* to Exclude Certain Testimony by Plaintiff

(Docket No. 156) is hereby DEFERRED, and the Court will consider objections raised at trial on a question-by question basis.

(6) A ruling on Defendant's Motion *in Limine* to Exclude Cell Phone Video (Docket No. 157) is hereby DEFERRED. The trial in this case has been continued, and Defendant will have an opportunity to depose this witness which may obviate the need for this Motion.

(7) A ruling on Defendant's Motion *in Limine* to Exclude Certain Documents on Plaintiff's Proposed Exhibit List (Docket No. 158) is hereby DEFERRED, and questions about the admissibility of Plaintiff's documents will be addressed on a case-by-case basis at trial.

(8) A ruling on Defendant's Motion *in Limine* to Exclude Witnesses Not Identified in Plaintiff's Interrogatory Responses and to Exclude Witnesses Not Adequately Identified in the Interrogatory Responses (Docket No. 159) is hereby DEFERRED, and the Court will address any objections to witnesses who allegedly were not properly disclosed at trial.

(9) Defendant's Motion *in Limine* to Exclude "Golden Rule" Arguments (Docket No. 160) is hereby GRANTED.

(10) A ruling on Defendant's Motion *in Limine* to Exclude Irrelevant Evidence, Including Comments and Objections of Counsel During Depositions, and Criticisms and Allegations Against Former Defendants (Docket No. 161) is hereby DEFERRED, as these issues will have to be addressed in context at trial.

(11) A ruling on Defendant's Motion *in Limine* to Exclude Certain Testimony by Cathy Watry (Docket No. 162) is hereby DEFERRED, and the Court will rule on objections to her testimony on a question-by-question basis at trial.

The Court may reconsider and/or tailor these rulings if warranted in light of the limited

discovery which will be taken as a result of the continuance of the trial.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE