UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEX SHAUFERT, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 3:09-00510 |
| ) | Judge Sharp |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S, LONDON, GAB ROBINS ) | |
| NORTH AMERICA, INC. and BRAUN ) | |
| CONSTRUCTION SERVICES, INC., ) | |
| ) | |
|     Defendants/Counter-Plaintiffs. ) | |

## ORDER

Pending before the Court are Motions for Order of Dismiss/Entry of Judgment (Docket Nos. 218 & 222) filed by Defendants GAB Robins North America, Inc. ("GAB") and Braun Construction Services, Inc. ("Braun"). Also pending is a "Motion to Pay Attorney's Fees from Fees Held by Court" (Docket No. 225) filed by Michael P. Mills who previously represented Plaintiff in this action. Those Motions are opposed by Plaintiff (Docket Nos. 227-229). The Court will deny the Motions for Order of Dismissal/Entry of Judgment and refer the Motion for Attorney's Fees to Magistrate Judge Griffin.

Defendants GAB and Braun move for dismissal and the entry of judgment on the grounds that they settled with Plaintiff on August 2, 2010, and, while Plaintiff contests the validity of the settlement agreements, Chief Judge Campbell has ordered their enforcement. (Docket No. 145). Defendants base their Motions on Rule 41(b) and 54(b) of the Federal Rules of Civil Procedure.

Rule 41(b) is inapposite because it allows for an involuntary dismissal when a plaintiff fails to prosecute, a situation not present here. Rule 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties, only if the court expressly determines

1

that there is no just reason for delay." Fed. R. Civ. P. 54(b). The "just reason for delay" language involves "consideration of 'judicial administrative interests as well as the equities involved,'" to wit, "whether the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety[.]" Lowery v. Fed. Express Corp., 426 F.3d 817, 822 (6th Cir. 2005). Even though Rule 54(b) allows the entry of judgment in relation to a subset of claims or parties, "'there is a long-settled and prudential policy against the scattershot disposition of litigation.'" Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 317 (1st Cir. 2009) (citation omitted).

Here, Defendants offer no compelling reasons as to why final judgment should be entered as to them at this point. The trial of the claims between Plaintiff and Defendant Certain Underwriters at Lloyd's London is scheduled to commence on October 18, 2011, and, under these circumstances, it makes little sense to enter a final judgment as to less than all the parties given the likelihood of piecemeal appeals should Plaintiff not prevail at trial, and his stated intention to appeal Judge Campbell's ruling on the enforceability of the settlement agreements. Accordingly, the Motions for Order of Dismiss/Entry of Judgment (Docket Nos. 218 & 222) filed by Defendants GAB Robins North America, Inc. and Braun Construction Services, Inc. are hereby DENIED.

Pursuant to 28 U.S.C. § 636, the "Motion to Pay Attorney's Fees From Fees Held By Court" (Docket No. 225) is referred to Magistrate Judge Griffin for a Report and Recommendation.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE